Dear Mayor Morris:
You advise us that you are a member of the Municipal Police Employees' Retirement System (MPERS). You further state that former R.S. 11:2218.1, now repealed, is applicable to you because you filed your application to purchase your military service for retirement credit before the effective date of repeal of R.S. 11:2218.1 which was January 1, 2002.
R.S. 11:2218.1, enacted by the Legislature in Act 1370 of the 1999 Regular Legislative Session, allowed a member of MPERS to purchase military service credit without interest. Act 1370 provides, in pertinent part:
 An ACT to amend and reenact R.S. 11:2269 and to enact R.S. 11:2218.1 and 2254.1, relative to the Municipal Police Employees' Retirement System and the firefighters' Retirement system; to authorize repayment with interest of refunded contributions under certain conditions; to authorize purchase without interest of military service credit; to provide for a refund of certain previously purchased military service credit; and to provide for related matters. (Emphasis ours).
* * * * *
§ 2218.1. Military service credit
 A. (1) Any member of this system who served on active duty in the armed forces of the United States during the period from January 1, 1960 to December 31, 1975, such that he would be eligible to purchase credit for such service in this system, shall be eligible to receive credit in this system equal to the amount of such active duty service.
 (2) In order to receive such credit, the member shall pay to this system the total amount of employee contributions that would have been paid had the member been enrolled in this system during the period of such active duty service. The employee contributions shall be calculated based on the annual rate of pay that the member was receiving when initially enrolled in this system if the member's active duty service preceded such enrollment. Such employee contributions shall be calculated based on the annual rate of pay at the beginning of such active duty service if the member was already enrolled in this system at the time his active duty service began.
 (3) Any member who previously purchased military service, which was credited to this system, shall receive a refund equal to the difference between the amount actually paid for such service and the amount that would have been paid if the purchase had been transacted pursuant to the provisions of this Subsection. Any such refund shall be paid without interest.
 B. Service credited to a member's account pursuant to this Section shall be subject to the provisions of R.S. 11:153(E), (F), and (G).
Acts 733, 1028, and 1176 of the 2001 Regular Legislative Session all repealed R.S. 11:2218.1. All three repealing Acts contain the following identical sections, which we quote from Act 733:
 Section 4. Any person who on or before December 31, 2001, has any service properly credited to his account based on the provisions of R.S. 11:2218.1, 2254.1, 2269, or any combination of those provisions, and who is otherwise eligible for such credit, shall be eligible to use such credit on or after January 1, 2002, for any purpose allowable by any applicable provision of Title 11 of the Louisiana Revised Statutes of 1950, notwithstanding the repeal of R.S. 11:2218.1, 2254.1, 2269 pursuant to the provisions of Section 5 of this Act.
 Section 5. The provisions of R.S. 11:2218.1, 2254.1, 2269 are hereby repealed in their entirety. The provisions of this Section shall become effective on January 1, 2002. (Emphasis ours).
We assume that you have had your "service properly credited to [your] account" pursuant to R.S. 11:2281.1, prior to December 31, 2001, and that your ability to purchase at the discounted rate is not an issue.
Before responding to your specific questions, it is necessary to quote the general law pertaining to the purchase of credit for military service, R.S. 11:153, pertinently stating:
§ 153. Credit for military service
 A. Any member of a state or statewide public retirement system shall be eligible to purchase credit for regular or non-regular military service, subject to the provisions of this Section.
B. For purposes of this Section:
 (1) Regular military service shall mean any state or federal full-time active duty military service.
 (2) Non-regular military service shall mean any state or federal military service, which is not regular service, for which retirement points are assigned for participation in such service, and shall include but not be limited to duty served in the state national guard, coast guard, or any reserve component of the United States armed forces.
 C. (1)(a) Any member shall be entitled to purchase credit for up to four years of either regular or non-regular military service, or a combination of both not exceeding four years total, provided an application is filed with the appropriate retirement system, together with proof of the inclusive dates of military service performed.
 (b) Credit for regular service shall be based on one day of retirement credit for each day of full-time active duty service.
 (c)(i) Credit for non-regular service shall be based on one day of retirement credit for each one of the member's accrued retirement points.
 (ii) Any member seeking to purchase credit for non-regular military service shall also submit his application to purchase such credit an official copy of the record of his retirement points as maintained by the member's respective military branch. (Emphasis ours).
Your specific questions are restated as in your letter:
 1. What does "full-time active duty" mean for purposes of purchasing credit for my Vietnam Era military service? R.S. 11:2218.1 does not use the term "full time", only the term "active duty".
 2. If my active duty service is not "full time" and therefore not "regular", then I believe I am entitled to purchase such credits as "non-regular". Is this correct?
 3. What evidence is necessary to prove the dates and amount of my Vietnam Era active duty service? I believe the form issued to me by the United States Army showing my accrued active duty service points and the dates during which the points were accrued should be sufficient whether I am purchasing credit for regular or non-regular military service.
In response to your first question, we find the phrase "active duty" in R.S. 11:2218.1 to be synonymous with the phrase "full-time active duty" as used in R.S. 11:153(B)(1) quoted above. We are guided by federal law pertaining to the nature and type of service performed in the U.S. Armed Forces. Title 10 U.S.C. § 101(d)(1) defines "active duty" as follows, in part:
 (1) The term "active duty" means full-time duty in the active military service of the United States . . .(Emphasis ours).
In response to your second question, your military service which is not "full-time active duty" military service is nonetheless non-regular military service, as long as it is "non-regular military service . . . for which retirement points are assigned." R.S. 11:153(B)(2).
In response to your third question, R.S. 11:153(C)(1)(c)(ii) requires you to submit "an official copy of the record of your retirement points" as maintained by your branch of military service, in order to prove the dates of your service.
Note that R.S. 11:153(I) imposes a mandate upon all state public retirement systems to "cause to be promulgated such regulations as are necessary for the administration of purchases made pursuant to this Section." It is within the authority and jurisdiction of the MPERS to determine the sufficiency of the documents you have submitted, pursuant not only to state law, but to any applicable MPERS regulations.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 18, 2002